# IN THE UNITED STATES DISTRICT COURT

## FOR THE

## DISTRICT OF NEW JERSEY

| | |
|---|---|
| PREMNATH KARRE, | DOCKET NO.: |
| Plaintiff, | |
| vs. | _____ |
| E*TRADE SECURITIES LLC; MORGAN STANLEY; BANK OF AMERICA, N.A.; and JOHN DOES 1–10 (fictitious entities); and ABC BUSINESS ENTITIES 1-10 (fictitious entities), | **CIVIL ACTION** **COMPLAINT** **Jury Trial Demanded** |
| Defendants. | |

## PRELIMINARY STATEMENT

1.     Plaintiff Premnath Karre ("Plaintiff") brings this action against Defendants E*TRADE Securities LLC, Morgan Stanley, and Bank of America, N.A. (collectively, "Defendants"), along with fictitious individual and business entities, for negligence, breach of contract, conversion, and violations of Georgia and/or New Jersey consumer protection laws. This action arises from Defendants' failure to prevent and properly respond to two unauthorized wire transfers totaling $123,510 that were fraudulently executed from Plaintiff's brokerage account on December 26, 2024.

1

2.      Despite Plaintiff's prompt reporting of the fraud, and his consistent efforts to obtain assistance and resolution from Defendants, only a partial refund of $23,501.52 was returned. The remaining funds—more than $100,000—have never been recovered, and Defendants have refused to provide any formal explanation or remedy. During the months that followed, Plaintiff was repeatedly misled, denied access to investigative personnel, and forced to communicate with customer service representatives who lacked authority or useful information.

3.      Defendants' conduct reflects a pattern of indifference, negligence, and systemic failure to protect consumers from known fraud risks. Their failure to safeguard Plaintiff's account, communicate transparently, or return the stolen funds constitutes not only breach of duty and contract, but also deceptive business practices that warrant statutory and punitive damages.

4.      Through this lawsuit, Plaintiff seeks full restitution of his funds, treble damages under applicable consumer fraud statutes, and compensation for the economic, emotional, and reputational harm caused by Defendants' actions and omissions.

### PARTIES, JURISDICTION, AND VENUE

5.      Plaintiff Premnath Karre is a natural person and citizen of the State of Georgia, residing at 577 Bay Hill, Augusta, Georgia 30907.

6.      Defendant ETRADE Securities LLC is a limited liability company organized under the laws of the State of Delaware, with its principal place of business located at 200

2

Hudson Street, Jersey City, New Jersey 07311. ETRADE is a brokerage and financial services provider that conducts substantial business in the State of New Jersey, including the management of brokerage accounts and the execution of transactions for retail investors like Plaintiff.

7.    Defendant Morgan Stanley is a financial services corporation organized under the laws of the State of Delaware, with its principal place of business in New York, New York. Morgan Stanley is the parent company of ETRADE and exercises direct oversight and control over ETRADE's operations, including its security procedures, customer service structure, and internal fraud investigations. Morgan Stanley regularly conducts business in New Jersey and is subject to the jurisdiction of this Court.

8.    Defendant Bank of America, N.A. is a national banking association headquartered in Charlotte, North Carolina and authorized to do business in the State of New Jersey. Bank of America maintains physical branches and financial services operations in New Jersey, including accounts used in the processing of wire transfers such as those at issue in this case. Bank of America received or facilitated the transfer of Plaintiff's stolen funds and failed to take appropriate action to intercept or recover them.

9.    Defendants John Does 1 through 10 are fictitious names representing individuals whose identities are presently unknown, but who, upon information and belief, participated in or facilitated the fraudulent transactions described in this Complaint, or are otherwise legally responsible for the injuries sustained by Plaintiff. Plaintiff will amend

3

the Complaint to identify these individuals once their names become known through discovery.

10.    Defendants ABC Business Entities 1 through 10 are fictitious designations for corporate or business entities whose identities are currently unknown. These entities may have contributed to, concealed, or financially benefited from the fraudulent transactions at issue, or are otherwise liable to Plaintiff for the damages alleged herein. Plaintiff will amend the Complaint to identify these business entities once their identities are ascertained.

11.    At all times material hereto, subject-matter jurisdiction is based upon diversity of citizenship, 28 U.S.C. § 1332, in that the Plaintiff is a citizen of the State of Georgia, while the defendants are citizens of the states of Delaware, New York, New Jersey, North Carolina and other states that do not include Georgia.

12.    Jurisdiction is also based on 28 U.S.C. § 1367, supplemental jurisdiction.

13.    Venue is proper in this Court pursuant to 28 U.S.C. § 1391, because New Jersey is a district where "at least one Defendant maintains its principal place of business in New Jersey and the events and omissions giving rise to Plaintiff's claims occurred, in substantial part, through conduct carried out in or directed from this State."

## FACTUAL ALLEGATIONS

14.    Plaintiff maintained a brokerage account with E*TRADE, Account No. 536 429383 209, for many years prior to December 26, 2024.

15.     On December 26, 2024, Plaintiff attempted to log into his E*TRADE account on his personal laptop. The account crashed and did not allow access.

16.     Plaintiff then accessed the account on his mobile phone and discovered two unauthorized wire transactions totaling $123,510:

17.     $98,580 (Transaction 1)

18.     $24,930 (Transaction 2)

19.     Plaintiff received a text message alert from E*TRADE regarding the second transaction, requesting a response to authorize it. Before Plaintiff could reply, the transaction was completed without authorization.

20.     No alert or notification was sent for the first and larger transaction.

21.     Plaintiff immediately contacted ETRADE, reported the fraud, and locked the account. ETRADE opened an internal investigation and instructed Plaintiff to file a police report.

22.     On December 27, 2024, Plaintiff filed a report with the Columbia County Sheriff's Office, which lists the incident as involving identity fraud and unlawful execution of checks and drafts. The stolen value was recorded as $123,510.

23.     Plaintiff followed up with E*TRADE regularly, but the investigation lacked transparency. He was unable to reach investigators and only received limited information from customer service representatives.

24.     Plaintiff received a partial refund of $23,501.52 on January 15, 2025. The

remaining $100,008.48 has never been refunded.

25.    Plaintiff was never issued a written explanation regarding the denial of his remaining funds, nor was he provided with direct access to investigators or senior personnel.

26.    Plaintiff incurred additional losses due to margin interest from the cash deficit caused by the unauthorized withdrawals.

27.    E*TRADE and/or Morgan Stanley informed Plaintiff that the fraudulent wire transfers were routed through Bank of America accounts within the United States.

28.    Despite repeated requests, neither E*TRADE nor Bank of America has identified the recipient account holders or taken appropriate action to recover the funds.

## CAUSES OF ACTION

## COUNT ONE

## (NEGLIGENCE)

## (Against E*TRADE Securities LLC and Morgan Stanley)

29.    Plaintiff incorporates by reference the foregoing paragraphs.

30.    At all relevant times, Defendants E*TRADE Securities LLC and Morgan Stanley (collectively, "Defendants") owed Plaintiff Premnath Karre a duty to exercise reasonable care in managing, safeguarding, and supervising the security of his brokerage account, including the duty to prevent unauthorized access and the unauthorized transfer of funds.

31.     This duty arose from the nature of the parties' relationship as customer and financial service provider. By accepting Plaintiff's funds and holding them in a brokerage account, Defendants undertook an obligation to apply reasonably prudent measures to protect Plaintiff's financial assets and account access. The duty was further grounded in common law principles of negligence, industry standards in the financial services sector, and legal obligations imposed by federal and state regulations applicable to financial institutions.

32.     Defendants breached their duty of care in numerous respects. Defendants failed to implement or maintain adequate safeguards to detect and prevent suspicious or unauthorized activity within Plaintiff's account. When Plaintiff logged into his account on December 26, 2024, two high-value wire transfers totaling $123,510 were executed within seconds. Plaintiff did not authorize either transaction. Although he received a prompt requesting confirmation for the second transfer, it was processed before Plaintiff could respond. Defendants provided no warning or notice for the first and larger transaction. These events demonstrate a failure of basic fraud detection and response protocols.

33.     In the aftermath, Defendants failed to conduct a timely or meaningful investigation. Despite repeated efforts by Plaintiff to obtain information and updates, he was unable to speak with any member of the investigation team and was instead relegated to generic customer service representatives who lacked the authority or knowledge to provide substantive information. Plaintiff's requests to be assigned a dedicated contact

were ignored, and Defendants never provided a written explanation for denying reimbursement of the remaining unrecovered funds.

34.    As a direct and proximate result of Defendants' negligence, Plaintiff suffered significant economic loss, including the unreimbursed amount of $100,008.48, as well as additional financial injury in the form of accrued margin interest and account deficits caused by the theft. Plaintiff also suffered emotional distress, frustration, and anxiety as a result of being denied meaningful support, responses, or resolution by Defendants during the months that followed the fraudulent activity.

35.    Defendants' negligence was a substantial factor in causing these harms. Had Defendants implemented reasonable security protocols, verified the transactions properly, or acted promptly in investigating and reversing the fraud, the losses could have been prevented or substantially mitigated.

36.    Plaintiff is entitled to recover all damages permitted by law as a result of Defendants' negligence, including but not limited to compensatory damages, interest, and costs of litigation.

**COUNT TWO**

**(BREACH OF CONTRACT)**

**(AGAINST E*TRADE Securities LLC)**

37.    Plaintiff incorporates by reference the foregoing paragraphs.

38.    At all relevant times, Plaintiff Premnath Karre maintained a brokerage account with Defendant ETRADE Securities LLC pursuant to a valid and enforceable customer agreement. This agreement, whether written or implied in fact through the course of dealing between the parties, set forth the terms under which ETRADE would hold, manage, and execute transactions involving Plaintiff's funds. As part of that agreement, E*TRADE undertook obligations to act in good faith, to exercise reasonable care in protecting Plaintiff's assets, and to comply with its own security procedures and regulatory obligations.

39.    Plaintiff fulfilled all of his obligations under the contract. He funded the account, complied with E*TRADE's procedures, and relied on the brokerage to safely hold his money and provide basic account protections.

40.    ETRADE materially breached the agreement by allowing two unauthorized wire transfers to occur from Plaintiff's account on December 26, 2024, in the total amount of $123,510. These transactions were executed without Plaintiff's consent or authorization and were not the result of any conduct on Plaintiff's part. Despite having fraud monitoring systems and verification procedures in place, ETRADE failed to detect, prevent, or block the fraudulent transactions. It also failed to provide appropriate alerts or require account holder verification before releasing the funds.

41.    Following Plaintiff's prompt report of the unauthorized activity, ETRADE

further breached the agreement by failing to conduct a good faith and timely investigation, refusing to communicate any formal decision regarding reimbursement, and ultimately denying recovery of over $100,000 without justification or written explanation. These actions constituted a breach of ETRADE's contractual obligations to safeguard Plaintiff's account, to investigate and resolve disputes fairly, and to protect customer funds from fraudulent activity.

42.    As a direct and proximate result of E*TRADE's breach of contract, Plaintiff suffered damages in the form of unreimbursed losses totaling $100,008.48, as well as consequential damages related to margin interest, time lost, and emotional distress associated with the mishandling of the investigation and denial of redress.

43.    Plaintiff is entitled to an award of compensatory damages in an amount to be determined at trial, along with pre- and post-judgment interest and such other relief as the Court deems just and proper.

## COUNT THREE

## (VIOLATION OF THE NEW JERSEY CONSUMER FRAUD ACT)

## (N.J.S.A. § 56:8-1 et seq.)

10

**(Against E\*TRADE LLC and Morgan Stanley)**

44.     Plaintiff incorporates by reference the foregoing paragraphs as if fully set forth herein.

45.     The New Jersey Consumer Fraud Act ("NJCFA"), codified at N.J.S.A. § 56:8-1 et seq., prohibits the use of any unconscionable commercial practice, deception, fraud, false pretense, false promise, misrepresentation, or knowing omission in connection with the sale or advertisement of merchandise or services, including financial services provided to consumers.

46.     At all relevant times, Plaintiff was a consumer who maintained a brokerage account with E*TRADE Securities LLC, and received financial services from both E*TRADE and its parent company, Morgan Stanley. These Defendants held themselves out to the public as providers of secure and reliable investment services, and marketed their services to consumers nationwide, including in New Jersey.

47.     In the course of providing and managing Plaintiff's brokerage account, Defendants engaged in unconscionable and deceptive commercial practices in violation of the NJCFA. Defendants repeatedly represented to Plaintiff that his account was protected by advanced security protocols and that any unauthorized transactions would be appropriately investigated and resolved. These representations were materially misleading in light of the fact that Defendants failed to prevent two unauthorized high-value wire transfers, failed to secure the account, and failed to follow through with meaningful

investigation or recovery efforts.

48. Defendants further violated the NJCFA by knowingly omitting material facts regarding the status and outcome of their internal investigation. Over a period of several months, Defendants falsely led Plaintiff to believe that he could expect reimbursement, while withholding any written explanation or final decision, blocking access to investigative personnel, and continuing to rely on low-level customer service representatives to deflect Plaintiff's inquiries.

49. Defendants' actions were part of a broader pattern of business conduct that affects the public interest. E*TRADE and Morgan Stanley operate nationally and provide financial services to thousands of consumers in New Jersey. Their failure to adhere to the basic safeguards they advertise, combined with misleading representations and a lack of transparency when fraud occurs, constitutes a business practice likely to mislead the average consumer.

50. As a direct result of Defendants' violations of the NJCFA, Plaintiff has suffered ascertainable losses, including the unreimbursed amount of **$100,008.48**, as well as margin interest, emotional distress, and other incidental and consequential damages stemming from Defendants' refusal to return the stolen funds.

51. Plaintiff is entitled to treble damages under N.J.S.A. § 56:8-19, as well as reasonable attorneys' fees and litigation costs incurred in prosecuting this action.

52. Defendants' conduct was knowing, willful, and fraudulent, and further

supports an award of punitive damages to deter similar misconduct and protect consumers in the future.

## COUNT FOUR

## (NEGLIGENCE)

## (Against Bank of America N.A.)

53.    Plaintiff incorporates by reference the foregoing paragraphs.

54.    At all relevant times, Defendant Bank of America, N.A. ("Bank of America") provided commercial banking services to customers within the State of Georgia and elsewhere, including the facilitation and processing of incoming wire transfers.

55.    Plaintiff is informed and believes, and thereon alleges, that Bank of America received and processed the proceeds of two unauthorized wire transfers that were fraudulently initiated from Plaintiff's E*TRADE brokerage account on December 26, 2024. These transfers—totaling $123,510—were routed into accounts maintained or serviced by Bank of America.

56.    As a financial institution, Bank of America owed a duty of care to exercise reasonable diligence in detecting and preventing fraudulent transactions, including unauthorized high-value wire transfers that exhibit indicia of suspicious or criminal conduct. That duty extends to third-party victims like Plaintiff, where Bank of America either knew or should have known that it was facilitating the receipt and transfer of stolen funds.

57.    Bank of America breached its duty of care by failing to properly screen, flag, and halt receipt of the subject wire transfers despite the apparent red flags, including the origin of the funds, the nature of the recipient accounts, the size and timing of the transactions, and other indicia of fraud that should have triggered review under established anti-fraud and anti-money laundering protocols.

58.    At no point did Bank of America contact Plaintiff to verify or confirm authorization of the incoming transfers, nor did it take appropriate remedial action when placed on notice—either directly or through E*TRADE—of the fraudulent nature of the transactions. Bank of America's inaction, when it had the opportunity and capacity to freeze or reverse the funds, facilitated the dissipation of Plaintiff's money.

59.    Bank of America's negligence was a direct and proximate cause of Plaintiff's injury. Had Bank of America implemented and followed appropriate fraud detection practices or acted promptly to flag and freeze the incoming transactions, Plaintiff's losses could have been avoided or significantly reduced.

60.    As a result of Bank of America's negligence, Plaintiff suffered actual damages in the amount of $100,008.48, representing the unrecovered funds wrongfully wired into and through Bank of America accounts, along with other incidental and consequential losses.

61.    Plaintiff is entitled to an award of compensatory damages in an amount to be determined at trial, as well as interest, costs, and any other relief the Court deems just and

proper.

## COUNT FIVE

## (CONVERSION)

## (Against All Defendants)

62.     Plaintiff incorporates by reference the foregoing paragraphs.

63.     At all relevant times, Plaintiff Premnath Karre maintained legal ownership and the exclusive right to possess the funds held in his E*TRADE brokerage account, including the $123,510 that was wrongfully withdrawn on December 26, 2024, through two unauthorized wire transfers.

64.     By permitting the unauthorized withdrawal, transfer, and subsequent retention of Plaintiff's funds, Defendants E*TRADE Securities LLC, Morgan Stanley, and Bank of America, N.A. each exercised wrongful dominion and control over Plaintiff's personal property inconsistent with his ownership rights.

65.     Defendants' actions—whether by permitting unauthorized disbursement, accepting and transferring stolen funds, or failing to reverse or return the funds after being placed on notice—constitute an intentional, unauthorized, and unlawful assumption of dominion over Plaintiff's money.

66.     Plaintiff never authorized the wire transfers at issue. Despite being promptly notified of the fraud, Defendants failed to take action to freeze, recover, or return the wrongfully transferred funds. Plaintiff repeatedly demanded accountability and sought

15

return of the funds from all involved parties, yet Defendants refused to return or reimburse the remaining $100,008.48.

67.    At the time of Defendants' wrongful acts and omissions, Plaintiff had an immediate right to possession of the funds. The refusal by E*TRADE and Morgan Stanley to return the money, and the acceptance and processing of the stolen funds by Bank of America without appropriate safeguards or restitution, deprived Plaintiff of property to which he was legally entitled.

68.    The wrongful exercise of control over Plaintiff's property by all Defendants constitutes conversion under Georgia law.

69.    As a direct and proximate result of this conversion, Plaintiff has suffered actual damages in the amount of $100,008.48, plus consequential losses stemming from the loss of access to his funds, emotional distress, margin interest, and other harms resulting from the deprivation of his property.

70.    Plaintiff is entitled to recover the full amount of converted funds, along with interest, costs of suit, and any additional damages authorized under Georgia law.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff respectfully requests that the Court enter judgment in its favor and against Defendant, and specifically requests the following relief:

16

A.  An award of compensatory damages for Defendants' negligence, breach of contract, conversion, and other unlawful conduct, including but not limited to restitution of all unreimbursed funds wrongfully withdrawn from Plaintiff's brokerage account, in the amount of at least $100,008.48, together with pre- and post-judgment interest as permitted by law;

B.  An award of treble damages pursuant to the New Jersey Consumer Fraud Act, N.J.S.A. § 56:8-1 et seq., for Defendants' knowing, willful, and deceptive commercial practices;

C.  An award of punitive damages arising from Defendants' intentional, reckless, and indifferent conduct, as permitted under New Jersey law;

D.  An award of reasonable attorneys' fees, costs, and litigation expenses pursuant to N.J.S.A. § 56:8-19 and any other applicable authority;

E.  Entry of appropriate equitable relief, including declaratory or injunctive relief to prevent Defendants from continuing to engage in negligent or deceptive conduct of the type complained of herein;

F.  Such other and further relief as the Court may deem just and proper under the circumstances.

G.  Damages in excess of $75,000.00, exclusive of costs and interest.

## JURY TRIAL DEMANDED

17

/s/ LAWRENCE A KATZ
LAWRENCE A. KATZ
NJ ID # 027051988
LLG National Law Group
525 Route 73 North
Suite 104
Marlton, NJ 08052
Phone: 856.652.2000 Ext. 497
Fax: 856.375.1010
Lawrence.Katz@LLGNational.Com
Local Counsel for Plaintiff


Dated:  6-1-26