**UNITED STATES DISTRICT COURT**
**DISTRICT OF NEW JERSEY**

| | |
|---|---|
| PREMNATH KARRE,<br><br>Plaintiff,<br>v.<br><br>E*TRADE SECURITIES LLC; MORGAN STANLEY; BANK OF AMERICA, N.A.; JOHN DOES 1-10; and ABC BUSINESS ENTITIES 1-10,<br>Defendants. | Case No. 2:26-cv-06421-WJM-CF<br><br>**Motion Date: September 8, 2026** |

**REPLY BRIEF IN SUPPORT OF DEFENDANT**
**BANK OF AMERICA, N.A.'S MOTION TO DISMISS**


Philip A. Goldstein, Esq.
Shan P. Massand, Esq.
McGuireWoods LLP
1251 Avenue of the Americas, 20th Fl.
New York, NY 10020-1104
Telephone: (212) 548-2100
pagoldstein@mcguirewoods.com
smassand@mcguirewoods.com

*Attorneys for Defendant Bank of America, N.A.*

# TABLE OF CONTENTS

Page

PRELIMINARY STATEMENT ....................................................................1

ARGUMENT ....................................................................................1

I. THE CHOICE-OF-LAW QUESTION DOES NOT SAVE PLAINTIFF'S CLAIMS....................................................................1

II. ARTICLE 4A PREEMPTS PLAINTIFF'S COMMON LAW CLAIMS ....................................................................................4

III. PLAINTIFF CANNOT STATE A NEGLIGENCE CLAIM REGARDLESS OF GOVERNING LAW ..........................................8

IV. THE ADVERSE CLAIMS STATUTE BARS PLAINTIFF'S THEORY ....................................................................................9

V. PLAINTIFF FAILS TO STATE A CONVERSION CLAIM UNDER ANY LAW....................................................................................11

VI. DISMISSAL SHOULD BE WITH PREJUDICE ..................................12

CONCLUSION ..................................................................................14

# TABLE OF AUTHORITIES

**Page(s)**

**Cases**

*ADS Assocs. Grp., Inc. v. Oritani Sav. Bank*,
219 N.J. 496 (2014) ....................3, 5, 7

*Ashcroft v. Iqbal*,
556 U.S. 662 (2009)....................1, 6, 12

*Bank S., N.A. v. Roswell Jeep Eagle*,
204 Ga. App. 432 (1992) ....................6

*Estate of Bass v. Regions Bank, Inc.*,
947 F.3d 1352 (11th Cir. 2020) ....................2, 4, 5

*Bell Atlantic Corp. v. Twombly*,
550 U.S. 544 (2007)....................6

*Brunson v. Affinity Fed. Credit Union*,
199 N.J. 381 (2009) ....................9

*City Check Cashing, Inc. v. Manufacturers Hanover Trust Co.*,
166 N.J. 49 (2001) ....................9

*Conder v. Union Planters Bank, N.A.*,
384 F.3d 397 (7th Cir. 2004) ....................3, 8

*Davis v. BMW of N. Am., LLC*,
810 F. Supp. 3d 528 (D.N.J. 2025)....................1

*DeFazio v. Wells Fargo Bank, N.A.*,
No. 20-375, 2020 WL 1888252 (D.N.J. Apr. 16, 2020) ....................5, 7

*Deotare v. Wells Fargo Bank, N.A.*,
2018 U.S. Dist. LEXIS 49094 (N.D. Ga. Mar. 26, 2018) ....................2, 8, 12

*Eisenberg v. Wachovia Bank, N.A.*,
301 F.3d 220 (4th Cir. 2002) ....................3, 8

*Essgeekay Corp. v. TD Bank, N.A.*,
2018 U.S. Dist. LEXIS 214691 (D.N.J. Dec. 19, 2018)....................5

*Grayson v. Mayview State Hosp.*,
293 F.3d 103 (3d Cir. 2002) ....................13, 14

*Harborview Capital Partners, LLC v. Cross River Bank*,
600 F. Supp. 3d 485 (D.N.J. 2022)....................5, 7

*Hudson v. Valcorp, Inc.*,
No. 88-2383, 1990 WL 69173 (D.N.J. May 22, 1990) ....................10, 11

*Lerner v. Fleet Bank, N.A.*,
459 F.3d 273 (2d Cir. 2006) ....................3, 8

*Maniscalco v. Brother Int'l (USA) Corp.*,
709 F.3d 202 (3d Cir. 2013) ....................4

*Meisels v. Fox Rothschild LLP*,
240 N.J. 286 (2020) ....................12

*Midwest Feeders, Inc. v. Regions Bank (Inc.)*,
No. 1:15-cv-00013-LJA, 2016 U.S. Dist. LEXIS 135054 (M.D. Ga. Sept. 30, 2016) ....................3

*Phillips v. County of Allegheny*,
515 F.3d 224 (3d Cir. 2008) ....................13

*Regions Bank v. Provident Bank, Inc.*,
345 F.3d 1267 (11th Cir. 2003) ....................3, 4, 5, 12

*Remtek Servs., Inc. v. Wells Fargo Bank, N.A.*,
No. 19-12790, 2020 WL 241332 (D.N.J. Jan. 16, 2020) ....................5, 9, 10

*P.V. ex rel. T.V. v. Camp Jaycee*,
197 N.J. 132, 962 A.2d 453 (2008) ....................1, 4

*Trey Inman & Associates, P.C. v. Bank of America, N.A.*,
306 Ga. App. 451, 702 S.E.2d 711 (2010) ....................11

*VIP Mortg. Corp. v. Bank of Am., N.A.*,
769 F. Supp. 2d 20 (D. Mass. 2011)....................3, 8

*Wiand v. Wells Fargo Bank, N.A.*,
86 F. Supp. 3d 1316 (M.D. Fla. 2015)....................8

*Yahn & McDonnell, Inc. v. Farmers Bank of State of Del.*,
708 F.2d 104 (3d Cir. 1983) ....................................................................10

*Zeal Global Servs. Private Ltd. v. Suntrust Bank*,
508 F. Supp. 3d 1303 (N.D. Ga. 2020).........................................2, 3, 6, 7, 8, 9

**Statutes**

N.J.S.A. § 12A:4A-101 *et seq.*.....................................................................3

N.J.S.A. § 17:9A-223.........................................................................................11

N.J.S.A. § 17:9A-223: (a) ..................................................................................10

O.C.G.A. § 7-1-353............................................................................................10

O.C.G.A. § 11-4A-101 *et seq.* ..........................................................................3

O.C.G.A. § 11-4A-207(b)(1) ..............................................................................6

## PRELIMINARY STATEMENT

Plaintiff's opposition (ECF No. 18) confirms the fundamental legal deficiency of his claims against Bank of America, N.A. ("BANA")—no theory of liability exists against a beneficiary bank that merely maintained deposit accounts into which third parties directed wire transfers. Plaintiff does not and cannot allege that he was a BANA customer, that BANA initiated any wire transfer, or that BANA exercised independent dominion over the funds at issue. Instead, Plaintiff's opposition relies on a choice-of-law diversion, a misreading of Eleventh Circuit authority, and conclusory allegations of "knowledge" that fail to meet the pleading standards of *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). None of these arguments rescues claims that are legally foreclosed regardless of governing law.

The Court should grant BANA's motion to dismiss with prejudice.

## ARGUMENT

### I. THE CHOICE-OF-LAW QUESTION DOES NOT SAVE PLAINTIFF'S CLAIMS

Plaintiff devotes significant briefing to arguing that BANA failed to conduct a New Jersey choice-of-law analysis. This argument is a red herring for two threshold reasons, each independently dispositive.

First, the choice-of-law inquiry never begins unless there is an "actual conflict" between the laws of the interested states. *See P.V. ex rel. T.V. v. Camp Jaycee*, 197 N.J. 132, 143, 962 A.2d 453, 460-61 (2008); *Davis v. BMW of N. Am.,*

*LLC*, 810 F. Supp. 3d 528, 539-42 (D.N.J. 2025). There is no such conflict here. As demonstrated below, Georgia federal courts applying Georgia law have dismissed the same negligence and conversion claims against beneficiary banks on the same grounds BANA advances. *See Zeal Global Servs. Private Ltd. v. Suntrust Bank*, 508 F. Supp. 3d 1303 (N.D. Ga. 2020) (dismissing negligence and holding Article 4A preempts common-law claims based on wire transfers); *Est. of Bass v. Regions Bank, Inc.*, 947 F.3d 1352 (11th Cir. 2020) (Georgia UCC displaces common law conversion and negligence claims); *Deotare v. Wells Fargo Bank, N.A.*, 2018 U.S. Dist. LEXIS 49094 (N.D. Ga. Mar. 26, 2018) (dismissing negligence and conversion under Georgia law). Because the result is the same under both states' laws, there is no conflict to resolve and the Court applies forum law.

Second, Plaintiff's choice-of-law argument is irreconcilable with his own venue allegations. As plaintiff alleged, venue is proper in New Jersey because "events and omissions giving rise to Plaintiff's claims occurred, in substantial part, through conduct carried out in or directed from this State." Compl. ¶ 13. Having invoked New Jersey as the locus of the relevant conduct to establish venue, Plaintiff cannot now argue that Georgia has the "most significant relationship" to that same conduct. If the events giving rise to Plaintiff's claims occurred in New Jersey—as Plaintiff himself alleged—then New Jersey's substantive law governs under any choice-of-law framework.

Even setting aside these threshold defects, Plaintiff's claims fail regardless of governing law. UCC Article 4A is uniform nationwide. Both New Jersey (N.J.S.A. § 12A:4A-101 *et seq.*) and Georgia (O.C.G.A. § 11-4A-101 *et seq.*) have adopted substantially identical codifications of Article 4A. The preemptive effect of Article 4A on common-law claims arising from wire transfers operates the same way under either state's law. *See ADS Assocs. Grp., Inc. v. Oritani Sav. Bank*, 219 N.J. 496, 517-20 (2014); *Regions Bank v. Provident Bank, Inc.*, 345 F.3d 1267, 1274-76 (11th Cir. 2003) (applying UCC Article 4A in Georgia).

Third, the no-duty rule barring negligence claims by non-customers against beneficiary banks is not unique to New Jersey. Courts across multiple circuits have reached the same conclusion. *See Eisenberg v. Wachovia Bank, N.A.*, 301 F.3d 220, 225-26 (4th Cir. 2002); *Lerner v. Fleet Bank, N.A.*, 459 F.3d 273, 286 (2d Cir. 2006); *Conder v. Union Planters Bank, N.A.*, 384 F.3d 397, 400 (7th Cir. 2004); *VIP Mortg. Corp. v. Bank of Am., N.A.*, 769 F. Supp. 2d 20, 26-27 (D. Mass. 2011). Critically, Georgia federal courts have applied the same rule. *See Zeal Global Servs.*, 508 F. Supp. 3d at 1316-17 (dismissing negligence claims against beneficiary banks because banks owe no common law duty to noncustomers in wire fraud context); *Midwest Feeders, Inc. v. Regions Bank (Inc.),* No. 1:15-cv-00013-LJA, 2016 U.S. Dist. LEXIS 135054, at *15 (M.D. Ga. Sept. 30, 2016) (dismissing negligence

claims for failure to state a claim because bank owes no duty to defrauded noncustomer). Plaintiff has identified no state's law that imposes such a duty.

Fourth, if the Court reaches the choice-of-law analysis, New Jersey's "most significant relationship" test, *see Camp Jaycee*, 197 N.J. at 143, favors application of New Jersey law. The conduct at issue—the receipt and processing of wire transfers by a beneficiary bank—is centered in the banking system. The wire transfers were routed through BANA deposit accounts, and BANA's alleged duties as a beneficiary bank are governed by the UCC as adopted in the forum state. Plaintiff's domicile in Georgia is irrelevant to the question of what duty a beneficiary bank owes with respect to incoming wire transfers.

At minimum, Plaintiff bears the burden of displacing the presumption that forum law governs, and he has not met it. *See Maniscalco v. Brother Int'l (USA) Corp.*, 709 F.3d 202, 206-07 (3d Cir. 2013).

## II. ARTICLE 4A PREEMPTS PLAINTIFF'S COMMON-LAW CLAIMS

Plaintiff's primary response to BANA's preemption argument is *Regions Bank v. Provident Bank, Inc.*, 345 F.3d 1267 (11th Cir. 2003). But *Regions Bank* does not help Plaintiff for multiple reasons.

First, *Regions Bank* is Eleventh Circuit authority, not binding on this Court in the Third Circuit. Second, the bank in *Regions Bank* applied fraudulently obtained funds to satisfy its own customer's preexisting debt to the bank—i.e., the bank took

the funds for its own benefit. *Id.* at 1271-72. BANA, by contrast, merely maintained deposit accounts; it is not alleged to have applied any funds to its own benefit. Third, *Regions Bank* was decided on summary judgment with a developed factual record—not on a motion to dismiss with only conclusory allegations. *Id.* at 1270. Fourth, and critically, *Regions Bank* ultimately ruled *for* the bank, affirming summary judgment because the plaintiff failed to establish the bank's knowledge of fraud. *Id.* at 1276-77.

By contrast, the law in this District is clear and uniform. *ADS*, 219 N.J. 496 at 517-20, holds that Article 4A provides the exclusive framework for wire transfer disputes, displacing common-law claims. District courts have consistently applied this rule. *See Harborview Capital Partners, LLC v. Cross River Bank*, 600 F. Supp. 3d 485, 491-97 (D.N.J. 2022) (dismissing negligence and conversion claims as preempted by Article 4A); *DeFazio v. Wells Fargo Bank, N.A.*, No. 20-375, 2020 WL 1888252 (D.N.J. Apr. 16, 2020) (same); *Remtek Servs., Inc. v. Wells Fargo Bank, N.A.*, No. 19-12790, 2020 WL 241332, at *3-4 (D.N.J. Jan. 16, 2020) (same); *Essgeekay Corp. v. TD Bank, N.A.*, 2018 U.S. Dist. LEXIS 214691 (D.N.J. Dec. 19, 2018) (same).

Indeed, even under Georgia law, the UCC preempts common-law claims where the Code provides a comprehensive remedy. The Eleventh Circuit confirmed this principle in *Estate of Bass*, 947 F.3d at 1361, holding that Georgia's UCC

displaces common-law claims where the Code "provides a comprehensive remedy for the parties to a transaction" and allowing parallel common-law claims would "thwart the purposes of the Code" by "introduc[ing] conflicting burdens of proof and potentially allow[ing] for inconsistent verdicts."; *see also Bank S., N.A. v. Roswell Jeep Eagle*, 204 Ga. App. 432, 436 (1992) ("where the [Uniform Commercial] Code provides a comprehensive remedy for parties to a transaction, a common law action would be barred"). Georgia federal courts have likewise held that Article 4A preempts common-law claims based on wire transfers. In *Zeal Global Servs.*, the court dismissed negligence claims arising from fraudulent wire transfers, holding that "the crux of [plaintiff's] allegations center upon the fraudulent wire transfers" and that "any liabilities and duties of the Banks related to the wire transfers are exclusively governed by the language of O.C.G.A. § 11-4A-207(b)(1)." 508 F. Supp. 3d at 1311. Thus, Plaintiff's claims fail under Georgia law as well as New Jersey law.

Plaintiff's unsupported assertion that BANA had "knowledge" of fraud is precisely the type of conclusory legal conclusion that is not entitled to the presumption of truth under *Iqbal*, 556 U.S. at 678, and *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007). The Complaint identifies no specific facts showing how BANA would have known that incoming wire transfers were fraudulent at the time of acceptance. Plaintiff does not allege that BANA received

any notice of fraud prior to the transfers being completed, does not identify what "red flags" BANA supposedly observed, and does not allege any facts from which one could infer BANA's actual or constructive knowledge. *See* Compl. ¶¶ 27-29, 56-60.

Plaintiff attempts to distinguish *DeFazio*, *Harborview*, and *ADS*, but these cases are directly on point. Each involved common-law claims against a bank arising from wire transfers alleged to be fraudulent, and each held that Article 4A displaced those claims. Plaintiff offers no principled basis to depart from this Court's settled precedent.

Plaintiff's attempt to invoke *Regions Bank*'s narrow exception for claims based on a bank's "knowledge" of fraud is also foreclosed by subsequent Georgia authority. In *Zeal Global Servs.*, the plaintiff advanced precisely the same argument—that its claims were "based on conduct before and after the wire transfers" such as the banks' "failing to close the fraudsters' accounts"—and should therefore fall outside Article 4A. 508 F. Supp. 3d at 1311. The court rejected this argument, holding that the "crux" of the allegations still "center[ed] upon the fraudulent wire transfers" and that the plaintiff had "not alleged that Defendants acted in contravention to the dictates of Article 4A." *Id.* The same is true here: Plaintiff's allegations of BANA's "knowledge" and failure to freeze funds after

notice are ultimately claims about BANA's handling of wire transfer proceeds—conduct governed by Article 4A.

## III. PLAINTIFF CANNOT STATE A NEGLIGENCE CLAIM REGARDLESS OF GOVERNING LAW

Plaintiff argues that BANA cannot invoke the no-duty rule without first establishing that New Jersey law applies. *See* ECF No. 18 at 9-10. But as demonstrated above, courts across the country have consistently refused to recognize a general duty running from a beneficiary bank to a non-customer originator of a wire transfer. Instead, courts spanning at least four circuits have uniformly held that a beneficiary bank owes no duty of care to a non-customer sender. *See Eisenberg*, 301 F.3d at 225-26 (4th Cir.); *Lerner*, 459 F.3d at 286 (2d Cir.); *Conder*, 384 F.3d at 400 (7th Cir.); *VIP Mortg. Corp.*, 769 F. Supp. 2d at 26-27 (D. Mass.); *Wiand v. Wells Fargo Bank, N.A.*, 86 F. Supp. 3d 1316, 1324 (M.D. Fla. 2015) (banks do not "owe a duty of care to non-customers even when the non-customer is the person in whose name an account was fraudulently opened"); *Deotare v. Wells Fargo Bank, N.A.*, 2018 U.S. Dist. LEXIS 49094 (N.D. Ga. Mar. 26, 2018) (dismissing negligence claim against bank because plaintiff failed to "establish that Wells Fargo owed Plaintiffs a legal duty outside of their contractual relationship"). Georgia federal courts have applied the same rule. *See Zeal Global Servs.*, 508 F. Supp. 3d at 1316–17 (dismissing negligence claims against beneficiary banks because banks owe no common law duty to noncustomers in wire fraud context). The court also

held that the plaintiff "cite[d] no authority holding that a bank owes a duty of care to noncustomers and its attempts to distinguish the authority provided by Defendants [were] unpersuasive." *Id.* Plaintiff has not identified any state—including Georgia—whose law imposes such a duty.

Plaintiff's allegations of "transaction-specific red flags" and "constructive knowledge" conflate the element of *duty* with the element of *breach*. Even if BANA were alleged to have known about suspicious activity (which, as discussed above, is alleged only in conclusory fashion), knowledge does not create a legal duty where none exists. *See Brunson v. Affinity Fed. Credit Union*, 199 N.J. 381, 400 (2009) (duty analysis is a legal question separate from breach).

Even *Remtek Services, Inc. v. Wells Fargo Bank, N.A.*—which Plaintiff cites—dismissed negligence claims against a beneficiary bank. 2020 WL 241332, at *3-4. Plaintiff's reliance on *Remtek* thus undermines, rather than supports, his position.

## IV. THE ADVERSE CLAIMS STATUTE BARS PLAINTIFF'S THEORY

Plaintiff raises two objections to BANA's reliance on the adverse claims statute, N.J.S.A. § 17:9A-223: (a) that BANA has not shown New Jersey law governs or that the accounts are in New Jersey, and (b) that the statute addresses a "different scenario" from fraud-based liability. ECF No. 18 at 11-12. Neither objection has merit.

As to choice of law, Plaintiff's objection applies equally to his own claims—if BANA cannot invoke the New Jersey statute, then Plaintiff correspondingly cannot sue BANA based on conduct occurring in the banking system without identifying the applicable law. In any event, the *policy* underlying the adverse claims statute—that banks cannot be forced to adjudicate competing claims to deposited funds without judicial process—is not unique to New Jersey. *See* O.C.G.A. § 7-1-353 (bank "shall not be required to deny control over or access to a deposit account" absent court order, agreement, or bond or other adequate indemnity); *Hudson v. Valcorp, Inc.*, No. 88-2383, 1990 WL 69173, at *3 (D.N.J. May 22, 1990); *see also Yahn & McDonnell, Inc. v. Farmers Bank of State of Del.*, 708 F.2d 104, 113 (3d Cir. 1983) (recognizing banks' legitimate interest in not being required to adjudicate competing claims).

Plaintiff's attempt to reframe his claim as one of "fraud-based liability" rather than an adverse claim is form over substance. The essence of Plaintiff's theory is that BANA should have frozen or returned funds deposited in its customers' accounts based on a third party's assertion that the funds were obtained through fraud. That is precisely the scenario the adverse claims statute addresses—it prevents a bank from being placed in the impossible position of deciding between competing claims to funds on deposit. *See* N.J.S.A. § 17:9A-223; *Hudson*, 1990 WL 69173, at *3.

Plaintiff's observation that *Hudson* was decided on summary judgment is immaterial. *Hudson* interpreted the statute's scope—a legal question that does not depend on the procedural posture of the case.

## V. PLAINTIFF FAILS TO STATE A CONVERSION CLAIM UNDER ANY LAW

Plaintiff argues that under Georgia law, wire transfer proceeds constitute "specific identifiable property" capable of conversion, relying on *Trey Inman & Associates, P.C. v. Bank of America, N.A.*, 306 Ga. App. 451, 458-59, 702 S.E.2d 711, 717 (2010). Even assuming Georgia law applies and accepting *Trey Inman*'s framework, Plaintiff's conversion claim still fails because the Complaint does not allege that BANA exercised independent dominion or control over the funds.

The Complaint alleges that the wire transfers were routed to accounts maintained at BANA belonging to unknown third parties—BANA's customers, not BANA itself. Compl. ¶ 27. Maintaining a deposit account in which a customer's funds are held is not the exercise of "dominion" over those funds for conversion purposes. A bank does not "convert" funds merely by crediting them to a customer's account in the ordinary course of business. *See Meisels v. Fox Rothschild LLP*, 240 N.J. 286, 305-08 (2020) (holding that a party does not convert funds merely by following customer instructions in the normal course of business); *Deotare*, 2018 U.S. Dist. LEXIS 49094, at *18 (dismissing conversion claim where complaint

"d[id] not allege that Wells Fargo remained in possession of Plaintiffs' funds at any time").

Plaintiff attempts to distinguish *Meisels* on the ground that it was decided on summary judgment with different facts. ECF No. 18 at 13. But the *legal principle* announced in *Meisels*—that following standard banking procedures is not conversion—applies with equal force at the motion to dismiss stage. Plaintiff alleges no facts showing that BANA did anything other than maintain deposit accounts in the ordinary course.

Plaintiff's own authority also undermines his claim. *Regions Bank*, 345 F.3d at 1276-77, affirmed summary judgment *for* the bank because the plaintiff could not establish the bank's knowledge that the funds were fraudulently obtained. Here, Plaintiff has not alleged—much less with the specificity required by *Iqbal*, 556 U.S. at 678—any facts from which BANA's knowledge could be inferred.

## VI. DISMISSAL SHOULD BE WITH PREJUDICE

Plaintiff requests that if the Court grants BANA's motion, dismissal should be without prejudice to allow amendment. *See Phillips v. County of Allegheny*, 515 F.3d 224, 245 (3d Cir. 2008). But leave to amend should be denied where amendment would be futile. *See Grayson v. Mayview State Hosp.*, 293 F.3d 103, 108 (3d Cir. 2002).

The defects in Plaintiff's claims are legal, not factual. No amendment can cure the: (1) absence of a legal duty running from a beneficiary bank to a non-customer wire originator; (2) preemptive effect of Article 4A on common-law claims arising from wire transfers; or (3) failure to allege that BANA exercised independent dominion over funds as required for conversion. These are legal bars that foreclose Plaintiff's claims regardless of what additional facts he might plead. Plaintiff also has already had the benefit of fourteen additional days beyond the filing deadline—more than one month from the filing of BANA's motion—and has presented his best arguments. The theories he advances in his opposition are the same theories the Complaint alleges. No additional factual development will change the legal landscape.

Finally, Plaintiff's suggestion in his opposition that an Article 4A-207 theory (name-number mismatch) might be available is speculative. Plaintiff does not allege in the Complaint that any name-number mismatch occurred, or that some BANA employee had knowledge of such a mismatch at the time of the transfer, and his opposition offers no factual basis to believe that such an allegation could be made in good faith. *See Grayson,* 293 F.3d at 108 (amendment is futile if the amended complaint would not survive a motion to dismiss). Therefore, allowing amendment would be futile and dismissal should be with prejudice.

## CONCLUSION

For the foregoing reasons, Defendant Bank of America, N.A. respectfully asks the Court grant its Motion to Dismiss and dismiss Plaintiff's claims against BANA with prejudice.

Dated: August 25, 2026
New York, New York

Respectfully submitted,

*/s/ Philip A. Goldstein*

Philip A. Goldstein
Shan P. Massand
MCGUIREWOODS LLP
1251 Avenue of the Americas, 20th Floor
New York, New York 10020-1104
Phone: (212) 548-2100
pagoldstein@mcguirewoods.com
smassand@mcguirewoods.com

*Attorneys for Defendant Bank of America, N.A.*